UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN ALDON CORRION,

       Petitioner,                      Case No. 1:18-cv-633

v.                                                 Honorable Robert J. Jonker

SHANE JACKSON,

       Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner John Aldon Corrion is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Michigan. Petitioner is serving sentences imposed in two Livingston County Circuit Court cases: No. 05-015154-FH and 06-016087-FC. In the first case, Petitioner was convicted of assaulting his wife. In the second case, Petitioner was convicted of soliciting her murder while he was in jail. This is not Petitioner's first habeas corpus action challenging these convictions and sentences. On February 25, 2009, in *Corrion v. McKee*, No. 2:09-cv-10696 (E.D. Mich.), he filed a petition challenging his conviction and sentence on the charge of soliciting murder. That petition was dismissed with prejudice on the merits on July 7, 2011. Petitioner filed a petition in *Corrion v. Lafler*, No. 2:10-cv-10593 (E.D. Mich.), on February 11, 2010, challenging his conviction and sentence for assaulting his wife. That petition was dismissed with prejudice on the merits on April 11, 2013.

Petitioner has filed subsequent petitions in the United States District Court for the Eastern District of Michigan challenging his convictions and sentences. *See Corrion v. MacLaren*,

No. 14-cv-12579 (E.D. Mich.); *Corrion v. Bergh*, No. 2:17-cv-10062 (E.D. Mich.). Those petitions were transferred to the Sixth Circuit Court of Appeals as second or successive.

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Petitioner's previous habeas actions were dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: July 26, 2018                   /s/ Ray Kent
                                       United States Magistrate Judge